*In re* ARÍSTIDES TORRES RODRÍGUEZ.

*Número:* TS-4158          *Resuelto:* 7 de octubre de 2004

*Carmen H. Carlos,* directora de la Oficina de Inspección de Notarías; *Arístides Torres Rodríguez,* abogado querellado, que comparece por derecho propio.

PER CURIAM: El 28 de marzo de 2000 el Lcdo. Arístides Torres Rodríguez (licenciado Torres Rodríguez) presentó su renuncia al ejercicio de la profesión de abogado y notario por motivos de edad y salud. Dicha renuncia sería efectiva a partir del 31 de mayo de 2000, fecha en la cual, según nos indicara, no tendría casos pendientes ante los tribunales ni ante el Registro de la Propiedad.

Mediante escrito de 2 de octubre de 2001, el Colegio de Abogados presentó una querella en contra del licenciado Torres Rodríguez por alegadamente adeudar la cuota correspondiente a 2001, y solicitó que se le ordenara pagar la suma correspondiente. El 22 de octubre de 2001, el licenciado Torres Rodríguez contestó la queja en su contra y alegó que no tenía obligación de pagar la suma reclamada, ya que había presentado su renuncia al ejercicio de la abogacía y notaría, la cual era efectiva a partir del 31 de mayo de 2000.

El 16 de noviembre de 2001 el Colegio de Abogados pre-

sentó un escrito en el cual alegó que, pese a los múltiples requerimientos, el licenciado Torres Rodríguez nunca le notificó respecto a su renuncia. Además, indicó que durante el 2001 el licenciado Torres Rodríguez se benefició de los servicios del Colegio. Solicitó que este Tribunal tomara conocimiento de ello y dispusiera sobre la solicitud de baja voluntaria presentada por el licenciado Torres Rodríguez.

El 30 de noviembre de 2001 emitimos una resolución, concediendo al Colegio de Abogados un término de treinta días para que se expresara respecto a la solicitud de baja voluntaria del licenciado Torres Rodríguez.

Luego de haber consultado con la Comisión de Ética, la Oficina del Procurador General, la Fiscalía del Estado Libre Asociado de Puerto Rico y con la Fiscalía federal, el 10 de enero de 2002 el Colegio de Abogados presentó un escrito en el cual indicó que no tenía objeción alguna a que al licenciado Torres Rodríguez se le conceda la baja voluntaria solicitada.

El 15 de febrero de 2002 concedimos un término de treinta días a la Directora de la Oficina de Inspección de Notarías (ODIN) para que rindiera un informe respecto a la obra notarial del licenciado Torres Rodríguez. El 14 de enero de 2003 la ODIN presentó una Moción Informativa, en la cual recomendó requerirle al licenciado Torres Rodríguez que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión legal. Ello así debido a que éste, a pesar de habérsele hecho varias advertencias sobre las numerosas deficiencias en su obra notarial, no las corrigió por entender que mediante la entrega de su sello y Protocolo cesaba su deber como notario.[1] Añadió que el licenciado Torres Rodríguez entendió, erróneamente, que dichas faltas pueden ser subsanadas mediante declaraciones juradas.

El 14 de febrero de 2003 emitimos una resolución en la que se concedió al licenciado Torres Rodríguez un término

---

[1] De la Moción Informativa se desprende que, a finales de junio de 2000, el licenciado Torres Rodríguez entregó voluntariamente su sello y Protocolo notarial a la Oficina de Inspección de Notarías (ODIN).

de treinta días para que subsanara las deficiencias señaladas. Además, se le apercibió de que no se consideraría la solicitud de baja voluntaria hasta que se hubiera dado cabal cumplimiento a tal asunto.

El 12 de febrero de 2003 el licenciado Torres Rodríguez presentó una Moción Informativa, en la que indicó que había enviado a la ODIN un informe en el cual esboza las gestiones realizadas para subsanar las deficiencias advertidas. Sostuvo que algunas deficiencias no se pueden corregir y que otras no producen efecto alguno.[2]

La ODIN presentó una Moción en Cumplimiento de Resolución de 14 de marzo de 2003. En ésta recomendó denegar la solicitud de cesación voluntaria presentada por el licenciado Torres Rodríguez.

El 14 de noviembre de 2003, concedimos al licenciado Torres Rodríguez un término de treinta días para que, a través de otro notario y a sus expensas, corrigiera las deficiencias señaladas.

Luego de emitir otra Resolución el 11 de febrero de 2004, mediante la cual se concedió al licenciado Torres Rodríguez quince días para que informara las gestiones realizadas para cumplir con la referida resolución, el 1 de junio de 2004 concedimos un término *final* de veinte días para contestar las Resoluciones de 14 de noviembre de 2003 y de 11 de febrero de 2004. Dicho término transcurrió sin que el licenciado Torres Rodríguez compareciera ante nos.

## I

■ El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por

---

[2] El licenciado Torres Rodríguez indicó que, habiendo entregado su sello y Protocolo, no conocía otra manera de subsanar algunas de las deficiencias, por lo que procedió a hacerlo mediante declaraciones juradas.

el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro ante el cual se encuentre obligado a comparecer. Ello es esencial, particularmente cuando de su conducta profesional se trata. *In re Pagán Ayala*, 130 D.P.R. 678, 681 (1992); *In re Colón Torres*, 129 D.P.R. 490, 493–494 (1991).

En reiteradas ocasiones hemos expresado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el canon anteriormente citado. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999); *In re Otero Fernández*, 145 D.P.R. 582 (1998); *In re Claudio Ortiz*, 141 D.P.R. 937 (1996); *In re Colón Torres*, supra; *In re Díaz García*, 104 D.P.R. 171 (1975).

## II

En el caso de autos la incomparecencia del licenciado Torres Rodríguez ante los requerimientos de la ODIN, y ante lo ordenado por este Tribunal, demuestran indiferencia en cumplir con sus deberes como abogado y notario.

En vista de lo anterior, *decretamos su suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría, según se le había apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Deberá, además, certificarnos, dentro del término de treinta días a partir de su notificación, el cumplimiento de estos deberes, y notificárselo también al Procurador General.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri no intervino.