Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Miguel A. Montes Díaz | 2012 TSPR 20<br><br>184 DPR ____ |

Número del Caso: TS-10045

Fecha: 21 de diciembre de 2011

Oficina de Inspección de Notarías

        Lcda. Lourdes Quintana Lloréns
        Directora

Materia: Conducta Profesional- La suspensión será efectiva el 28 de enero de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Miguel A. Montes Díaz          TS-10045

PER CURIAM

En San Juan, Puerto Rico, a 21 de diciembre de 2011.

Una vez más nos vemos precisados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión por incumplir con los requerimientos de este Tribunal. Por las razones que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Miguel A. Montes Díaz del ejercicio de la abogacía y la notaría.

I

El pasado 23 de marzo de 2010 el Lcdo. Miguel A. Montes Díaz presentó una moción ante este Tribunal en la que nos solicitó fuera removido de la lista de abogados y notarios activos. Ofreció como razón para ello el hecho de que actualmente

reside en el estado de Florida en los Estados Unidos y sus recursos económicos no le permiten viajar lo suficiente para atender a sus clientes en Puerto Rico. Además, expresó que padece de problemas de salud que le impiden cumplir adecuadamente con las exigencias del ejercicio de la profesión.

Así las cosas, el 6 de julio de 2010 concedimos a la Oficina de Inspección de Notarías (ODIN) un término de 30 días para que se expresara sobre la moción presentada por el letrado Montes Díaz. Así lo hizo en su comparecencia la Directora de la ODIN, Lcda. Lourdes I. Quintana Lloréns, en la cual señaló varias deficiencias que obran en el expediente del licenciado Montes Díaz.

En primer lugar, advirtió que no surge del expediente que el señor Montes Díaz haya designado un notario sustituto, conforme a los Artículos 9 y 48 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2021, 2072. Por lo tanto, existen serias dudas referentes a si la obra notarial del licenciado Montes Díaz se encuentra bajo su custodia y cuidado.

De igual modo, denunció que el notario adeuda algunos índices notariales, en clara violación al Artículo 12 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2023. Además, indicó que los Protocolos para los años 2001, 2002, 2003, 2004 y 2006 están pendientes de inspección.

Cónsono con lo anterior, la Directora de la ODIN recomendó que previo a conceder el remedio solicitado por

el licenciado Montes Díaz, le instruyésemos y ordenáramos a completar el trámite de cesación voluntaria a la notaría según dispuesto en el Artículo 64 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2104. A raíz de ello, el 15 de octubre de 2010 ordenamos al licenciado Montes Díaz a completar el referido proceso de cesación voluntaria.

Posteriormente, a raíz de la actitud de indiferencia y la desidia demostrada por el letrado, la Directora de la ODIN presentó ante nos una *Moción Informativa y en Solicitud de Remedios*. En ésta, expresó que el notario Montes Díaz no se había comunicado todavía con la ODIN, esto a pesar de haber transcurrido más de 6 meses desde que fuera dictada la orden de cumplimiento emitida por este Tribunal. Adujo incluso, que el letrado ha ignorado las múltiples comunicaciones de parte de la ODIN enviadas por correo certificado con acuse de recibo.

Consecuentemente, el 3 de junio de 2011 reiteramos nuestra orden al notario Montes Díaz de completar el trámite de cesación, que incluye la presentación de los correspondientes documentos, radicar los índices mensuales adeudados, entregar la obra bajo su custodia y el sello notarial, así como la corrección de las deficiencias que en su día pudiera notificarle la ODIN. Además, se le impuso una sanción de $500 y se le apercibió que el incumplimiento de lo ordenado conllevaría sanciones severas, incluyendo pero no limitado a la separación del ejercicio de la notaría y la abogacía.

Así las cosas, el 14 de octubre de 2011 ordenamos a la Directora de la ODIN que nos informara en un término de 20 días si el licenciado Miguel A. Montes Díaz había cumplido con nuestros requerimientos. El 31 de octubre de 2011 recibimos una comunicación de parte de la ODIN informándonos que no han recibido contestación o acción afirmativa alguna por parte del referido abogado.

A pesar del tiempo transcurrido, al día de hoy el letrado Montes Díaz no ha comparecido ante la Oficina de Inspección de Notarías ni tampoco ante este Tribunal. En vista de lo anterior, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.

II

En reiteradas ocasiones hemos expresado que todo abogado tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal. *In re Rivera Rosado*, 180 D.P.R. 698 (2011); *In re Morales Rodríguez*, 179 D.P.R. 766 (2011). Asimismo, hemos enfatizado que la naturaleza pública de la profesión de la abogacía impone al abogado el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias. Íd., *In re Prieto Rivera*, 180 D.P.R. 692 (2011); *In re García Incera*, 178 D.P.R. 329 (2009).

De igual manera, hemos señalado que desatender las órdenes judiciales constituye una afrenta a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética

Profesional, 4 L.P.R.A. Ap. IX. *In re García Incera*, supra, pág. 331. Por consiguiente, se configura una falta independiente a los méritos de la queja presentada cuando un abogado incumple con esta disposición ética. *In re Prieto Rivera*, supra; *In re Otero Encarnación*, 179 D.P.R. 827 (2010); *In re Rosado Ramos*, 172 D.P.R. 400 (2007). La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *Íd.*, *In re Colón Rivera*, 170 D.P.R. 440 (2007).

Cónsono con estos principios, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. *In re Rivera Rosado*, supra; *In re Feliciano Jiménez*, 176 D.P.R. 234 (2009); *In re Arzón Rivera*, supra. Ello es así debido a que el patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía. *In re González Barreto*, 169 D.P.R. 772 (2006).

Como corolario de la doctrina, esta Curia ha resuelto que procede la suspensión indefinida e inmediata de la abogacía y la notaría, cuando un notario inicia el proceso de cesación voluntaria e ignora los requerimientos de la ODIN y este Tribunal. *In re Torres Rodríguez*, 163 D.P.R. 144, 148 (2004).

III

En el caso de autos, el señor Montes Díaz incumplió con su deber de responder oportunamente a los requerimientos de la Oficina de Inspección de Notarías y de este Tribunal.

En vista de lo anterior, decretamos su suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría, según se le había apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Montes Díaz y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Miguel A. Montes Díaz

TS-10045

SENTENCIA

En San Juan, Puerto Rico, a 21 de diciembre de 2011.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría al Lcdo. Miguel A. Montes Díaz por incumplir con su deber de responder oportunamente a los requerimientos de la Oficina de Inspección de Notarías (ODIN) y de este Tribunal.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Larissa Ortiz Modestti
Secretaria del Tribunal Supremo Interina