per curiam:
Una vez más nos vemos precisados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión por incumplir con los requerimientos de este Tribunal. Por las razones que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Ledo. Miguel A. Montes Díaz del ejercicio de la abogacía y la notaría.
I — I
El 23 de marzo de 2010 el Ledo. Miguel A. Montes Díaz presentó mía moción ante este Tribunal en la que nos soli-citó que fuera removido de la lista de abogados y notarios activos. Ofreció como razón para ello el hecho de que ac-tualmente reside en el estado de Florida en Estados Uni-dos y que sus recursos económicos no le permiten viajar lo suficiente para atender a sus clientes en Puerto Rico. Ade-más, expresó que padece de problemas de salud que le im-piden cumplir adecuadamente con las exigencias del ejer-cicio de la profesión.
Así las cosas, el 6 de julio de 2010 concedimos a la Ofi-cina de Inspección de Notarías (ODIN) un término de 30 días para que se expresara sobre la moción presentada por el letrado Montes Díaz. Así lo hizo en su comparecencia la Directora de la ODIN, Leda. Lourdes I. Quintana Lloréns, en la cual señaló varias deficiencias que obran en el expe-diente del licenciado Montes Díaz.
En primer lugar, advirtió que no surge del expediente que el señor Montes Díaz haya designado un notario sus-tituto, conforme a los Art. 9 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2013. Por lo tanto, existen serias du-das referentes a si la obra notarial del licenciado Montes Díaz se encuentra bajo su custodia y cuidado. Art. 48 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2072. De igual modo, denunció que el notario adeuda algunos índices no-tariales, en clara violación al Art. 12 de la Ley Notarial de *92 Puerto Rico, 4 L.P.R.A. sec. 2023. Además, indicó que los Protocolos para los años 2001, 2002, 2003, 2004 y 2006 están pendientes de inspección.
Cónsono con lo anterior, la Directora de ODIN reco-mendó que, previo a conceder el remedio solicitado por el licenciado Montes Díaz, le instruyésemos y ordenáramos a completar el trámite de cesación voluntaria a la notaría según dispuesto en el Art. 64 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2104. A raíz de ello, el 15 de octubre de 2010 ordenamos al licenciado Montes Díaz a completar el referido proceso de cesación voluntaria.
Posteriormente, a raíz de la actitud de indiferencia y la desidia demostrada por el letrado, la Directora de ODIN presentó ante nos una Moción Informativa y en Solicitud de Remedios. En esta expresó que el notario Montes Díaz no se había comunicado todavía con ODIN, a pesar de ha-ber transcurrido más de 6 meses desde que fuera dictada la orden de cumplimiento emitida por este Tribunal. Adujo, incluso, que el letrado ha ignorado las múltiples comunica-ciones de ODIN enviadas por correo certificado con acuse.
Consecuentemente, el 3 de junio de 2011 reiteramos nuestra orden al notario Montes Díaz de completar el trá-mite de cesación, que incluye la presentación de los corres-pondientes documentos, presentar los índices mensuales adeudados, entregar la obra bajo su custodia y el sello notarial, así como la corrección de las deficiencias que en su día pudiera notificarle ODIN. Además, se le impuso una sanción de $500 y se le apercibió que el incumplimiento de lo ordenado conllevaría sanciones severas incluyendo, pero no limitado a, la separación del ejercicio de la notaría y la abogacía.
Así las cosas, el 14 de octubre de 2011 ordenamos a la Directora de ODIN que en un término de 20 días nos infor-mara si el Ledo. Miguel A. Montes Díaz había cumplido con nuestros requerimientos. El 31 de octubre de 2011 recibi-mos una comunicación de ODIN informándonos que no *93 han recibido contestación o acción afirmativa alguna del referido abogado.
A pesar del tiempo transcurrido, al día de hoy el letrado Montes Díaz no ha comparecido ante la Oficina de Inspec-ción de Notarías ni ante este Tribunal. En vista de lo anterior, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.
f — i
En reiteradas ocasiones hemos expresado que todo abogado tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal. In re Rivera Rosado, 180 D.P.R. 698 (2011); In re Morales Rodríguez, 179 D.P.R. 766 (2010). Asimismo, hemos enfatizado que la naturaleza pública de la profesión de la abogacía impone al abogado el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias. Id.; In re Prieto Rivera, 180 D.P.R. 692 (2011); In re García Incera, 177 D.P.R. 329 (2009).
De igual manera, hemos señalado que desatender las órdenes judiciales constituye una afrenta a la autoridad de los tribunales e infringe el Canon 9 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX. In re García Incera, supra, pág. 331. Por consiguiente, se configura una falta independiente a los méritos de la queja presentada cuando un abogado incumple con esta disposición ética. In re Prieto Rivera, supra; In re Otero Encarnación, 179 D.P.R. 827 (2010); In re Rosado Ramos, 172 D.P.R. 400 (2007). La naturaleza de la función de abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Id.; In re Colón Rivera, 170 D.P.R. 440 (2007).
Cónsono con estos principios, cuando un abogado no atiende con diligencia nuestros requerimientos y se *94 muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejerci-cio de la profesión. In re Rivera Rosado, supra; In re Feliciano Jiménez, 176 D.P.R. 234 (2009); In re Arzón Rivera, 175 D.P.R. 763 (2009). Ello es así debido a que el patrón de dejadez e incumplimiento con nuestras órdenes en la es-fera disciplinaria es incompatible con el ejercicio de la abogacía. In re González Barreto, 169 D.P.R. 772 (2006).
Como corolario de la doctrina, esta Curia ha resuelto que procede la suspensión indefinida e inmediata de la abogacía y la notaría cuando un notario inicia el proceso de cesación voluntaria e ignora los requerimientos de ODIN y este Tribunal. In re Torres Rodríguez, 163 D.P.R. 144, 148 (2004).
III
En el caso de autos, el señor Montes Díaz incumplió con su deber de responder oportunamente a los requerimientos de la ODIN y de este Tribunal.
En vista de lo anterior, decretamos su suspensión inde-finida e inmediata del ejercicio de la abogacía y de la nota-ría, según se le había apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspen-sión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y cer-tificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión per curiam y Sentencia.
Finalmente, el Alguacil de este Tribunal deberá incau-tar la obra y el sello notarial del señor Montes Díaz y en-tregarlos a la Directora de ODIN para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

*95 La Juez Asociada Señora Rodríguez Rodríguez no intervino.