

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2012 TSPR 92 |
| | 185 DPR ____ |
| Hilda María Martínez Class | |

Número del Caso: TS-13474

Fecha: 21 de marzo de 2012

Materia: Conducta Profesional- La suspensión será efectiva el 26 de mayo de 2012 fecha en que la abogada quedó notificada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| IN RE:<br><br>HILDA MARÍA MARTÍNEZ CLASS | NÚM.: **TS-13474** | SOBRE:<br><br>CONDUCTA<br>PROFESIONAL |
| --- | --- | --- |

*PER CURIAM*

En San Juan, Puerto Rico, a 21 de marzo de 2012.

Reiteradamente hemos insistido en la obligación de todos los miembros de la profesión legal de responder con prontitud los requerimientos hechos por los tribunales y de mantener actualizada toda su información personal de contacto. Sin embargo, una vez más nos encontramos ante la lamentable situación de incumplimiento con las órdenes de este Tribunal por parte de la abogada notario de epígrafe y nuestra imposibilidad de contactarla.

## I

La Lcda. Hilda María Martínez Class (Lcda. Martínez Class) fue admitida al ejercicio de la abogacía el 30 de enero de 2001 y, posteriormente, al ejercicio de la notaría el 15 de junio de 2001. Recientemente la Oficina de Inspección de Notarías (ODIN) presentó una queja en su contra.

El 26 de abril de 2010 el Colegio de Abogados de Puerto Rico presentó ante este Tribunal una *Moción Informativa*, en la cual expresó que la Lcda. Martínez Class tenía al descubierto el pago de su fianza notarial desde junio de 2009. Esta situación fue subsanada por la Lcda. Martínez Class el 14 de junio de 2010, mediante el pago de la misma.[1] Ese mismo día, la Lcda. Martínez Class sometió una *Moción en Cumplimiento de Orden* notificándonos que ya había satisfecho la suma adeudada en concepto de fianza notarial. Aprovechó la oportunidad para informarnos que se encontraba en proceso de inspección de su obra notarial con el propósito de entregar y cerrar la misma, y que se proponía, además, renunciar a la práctica de la profesión. El 18 de junio de 2010, luego de advenir en conocimiento del pago de la deuda, ordenamos el archivo de la queja.

El 30 de septiembre de 2011 la Directora de la ODIN presentó ante nos una *Moción Informativa y en Solicitud de Remedios*. En la misma expresó que con fecha de 21 de julio de 2009, la Lcda. Martínez Class había sometido ante la ODIN una Solicitud de Cesación Voluntaria al ejercicio de la notaría. Añadió que luego de entregada la obra notarial, el inspector de protocolos, Lcdo. Joaquín del

---

[1] Anteriormente y con fecha de 21 de diciembre de 2007 el Colegio de Abogados de Puerto Rico había presentado una *Moción Informativa* ante este Foro indicando que la Lcda. Martínez Class tenía al descubierto el pago de la fianza notarial desde junio de 2007. No obstante, el 28 de febrero de 2008 desistieron de la queja, puesto que el día antes la Lcda. Martínez Class pagó la misma. El 5 de marzo de 2008 ordenamos el archivo de la queja, mediante Resolución emitida a esos efectos.

Río Rodríguez, revisó la misma y le notificó a la licenciada el 23 de julio de 2009 la comisión de varias deficiencias. Asimismo, manifestó la Directora de la ODIN que, aun cuando la Lcda. Martínez Class había subsanado parte de las deficiencias señaladas y había contado con la ayuda de la Lcda. Corally Veguilla Torres para corregir otras, luego de transcurridos dos (2) años desde la notificación de las mismas todavía subsistían deficiencias. Precisó que algunas de ellas eran de carácter arancelario y que tenían que ser atendidas directamente por la licenciada.

Expresó que la incomparecencia y falta de diligencia de la Lcda. Martínez Class para atender dicha situación, además de impedir que se completara el proceso de cesación voluntaria del ejercicio notarial, también demostraba indiferencia de su parte para cumplir con sus deberes como abogada y notaria.[2] Por lo tanto, solicitó que le ordenáramos completar el trámite de cesación en un término de treinta (30) días, incluyendo la corrección de los asuntos pendientes en su obra notarial, así como la presentación de todos los índices mensuales adeudados.

El 28 de octubre de 2011 emitimos una Resolución ordenándole a la Lcda. Martínez Class que corrigiera todas las deficiencias que subsisten en su obra notarial y que presentara todos los índices mensuales adeudados en un

---

[2] En la moción, la Directora de la Oficina de Inspección de Notarías indicó, además, que la Lcda. Martínez Class se había trasladado fuera de la jurisdicción de Puerto Rico.

término de treinta (30) días. Le apercibimos que el incumplimiento con los términos de la Resolución podría conllevar la imposición de sanciones.

Tal y como lo ordenáramos, dicha Resolución fue notificada por correo certificado con acuse de recibo tanto a la dirección local de la Lcda. Martínez Class, como a su dirección en el Estado de Texas informada por la ODIN. Sin embargo, ninguna de las misivas fue reclamada, por lo que las mismas fueron devueltas por el correo.

Con el ánimo de lograr una notificación efectiva de la anterior Resolución, el 26 de enero de 2012 el personal de la Oficina de los Alguaciles visitó la residencia de la Lcda. Martínez Class. Allí vecinos les indicaron que en la misma no residía nadie y que sólo el padre de ésta visitaba la propiedad de forma esporádica. Por tal motivo, se le dejó allí una hoja de aviso. Además, se llamó al número de celular de la Lcda. Martínez Class, pero nadie contestó, por lo que se le dejó un mensaje en el buzón de voz. Como última gestión, se le envió una copia de la Resolución a su dirección de correo electrónico.

A pesar de todos los trámites anteriormente reseñados, la Lcda. Martínez Class no ha comparecido ante esta Curia, ni ha hecho gestión alguna para corregir las deficiencias encontradas en su obra notarial.

## II

En repetidas ocasiones hemos hecho referencia a las disposiciones de los Cánones de Ética Profesional y, muy en particular, a lo dispuesto en el Canon 9, 4 L.P.R.A. Ap. IX, C.9 (2002), para reiterar que la conducta de los abogados tiene que caracterizarse por el mayor de los respetos hacia los tribunales. Dicho respeto le impone la obligación a todo letrado de responder con diligencia a todos los requerimientos y órdenes emitidas por este Tribunal. In re Asencio Márquez, 2011 T.S.P.R. 190, 183 D.P.R. ____ (2011); In re Fidalgo Córdova, 2011 T.S.P.R. 164, 183 D.P.R. _____ (2011); In re Fontán La Fontaine, 2011 T.S.P.R. 140, 182 D.P.R. ____ (2011). "Reiteradamente, este Tribunal ha sido enfático al indicar que desatender nuestros dictámenes constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9." In re Asencio Márquez, *supra*.

La obligación de contestar con premura y diligencia se agudiza cuando las órdenes del Tribunal se refieren a procedimientos relacionados con la conducta profesional de los letrados. In re Rosario Martínez, 2012 T.S.P.R. 26, 184 D.P.R. ___ (2012); In re Pagán Pagán, 2012 T.S.P.R. 13, 183 D.P.R. ____ (2012); In re Fidalgo Córdova, *supra*. "La naturaleza de la función del abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos relacionados con su conducta profesional."

<u>In re Rosario Martínez</u>, *supra* (citando a <u>In re Vellón</u> <u>Reyes</u>, 181 D.P.R. 928, 932 (2011)).

Cónsono con lo anterior, hemos expresado que procede la suspensión inmediata e indefinida del ejercicio de la abogacía cuando un abogado ignora nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos. <u>In re López Bocanegra</u>, 2011 T.S.P.R. 195, 183 D.P.R. ___ (2011); <u>In re Toro Soto</u>, 181 D.P.R. 654, 660 (2011). También hemos resuelto "que procede la suspensión indefinida e inmediata de la abogacía y de la notaría, cuando un notario inicia el proceso de cesación voluntaria e ignora los requerimientos de la ODIN y este Tribunal". <u>In re Montes Díaz</u>, 2012 T.S.P.R. 20, 184 D.P.R. ___ (2012); <u>In re Torres Rodríguez</u>, 163 D.P.R. 144 (2004).

De la misma forma, hemos sido enfáticos en requerir que todo abogado mantenga a este Tribunal informado de su información personal, incluyendo aquella relativa a su dirección y números de teléfono. Específicamente, la Regla 9(j) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, R.9 (2002),[3] le impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal. <u>In re Toro Soto</u>, *supra*; <u>In re Ramos Rodríguez</u>, 2011 T.S.P.R. 86, 181 D.P.R. Ap. (2011).

---

[3] El 2 de enero de 2012 entró en vigor un nuevo Reglamento para regir los procedimientos ante este Tribunal. En la Regla 9(j) de dicho cuerpo legal, la cual continúa gobernando las exigencias antes indicadas, permanece la obligación de todo abogado(a) y notario(a) de mantener actualizada toda su información personal contenida en el Registro Único de Abogados y Abogadas de Puerto Rico. Véase, <u>In re: Reglamento del Tribunal Supremo de Puerto Rico</u>, 2011 T.S.P.R. 174, 183 D.P.R. ____ (2011).

Con el propósito de centralizar en una sola base de datos la información de todos los abogados autorizados a ejercer la abogacía y la notaría, se creó el Registro Único de Abogados y Abogadas (RUA). El 3 de junio de 2010 ordenamos, mediante Resolución, a todos los abogados y abogadas que revisaran y actualizaran, de ser necesario, sus direcciones registradas en el RUA y los apercibimos de que su incumplimiento con lo ordenado podría conllevar la imposición de sanciones en su contra, incluyendo sanciones disciplinarias. In re Toro Soto, *supra*; In re Ramos Rodríguez, 2011 T.S.P.R. 86, 181 D.P.R. Ap. (2011).

"No olvidemos que cuando un abogado incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. El incumplimiento de tal deber es suficiente para decretar la separación indefinida de la abogacía". In re Toro Soto, *supra*, a la pág. 661 (citas omitidas).

### III

Lamentablemente nos encontramos ante otro miembro de la profesión legal que ha hecho caso omiso a los requerimientos de este Foro y que, adicionalmente, ha fallado en mantener al día su información personal de contacto. En vista de los incumplimientos señalados anteriormente, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Hilda María Martínez Class. Le ordenamos, por lo tanto, notificar a todos sus clientes su inhabilidad para

continuar con su representación, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de aquellas partes de la obra notarial que continúen aún bajo la custodia de la Lcda. Martínez Class, incluyendo, si así fuere el caso, de su sello notarial, y hará entrega de los mismos a la ODIN para el correspondiente examen e informe a este Tribunal.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la Lcda. Martínez Class por correo certificado con acuse de recibo a las últimas direcciones conocidas de ésta.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| IN RE:<br><br>HILDA MARÍA MARTÍNEZ CLASS | NÚM.: **TS-13474** | SOBRE:<br><br>CONDUCTA PROFESIONAL |
| --- | --- | --- |

SENTENCIA

En San Juan, Puerto Rico, a 21 de marzo de 2012.

Por los fundamentos antes expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Hilda María Martínez Class.

Le ordenamos, por lo tanto, notificar a todos sus clientes su inhabilidad para continuar con su representación, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos. Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de aquellas partes de la obra notarial que continúen aún bajo la custodia de la Lcda. Martínez Class, incluyendo, si así fuere el caso, de su sello notarial, y hará entrega de los mismos a la ODIN para el correspondiente examen e informe a este Tribunal.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la Lcda. Martínez Class por correo certificado con acuse de recibo a las últimas direcciones conocidas de ésta.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo