per curiam:
En este caso reafirmamos nuestro rechazo hacia la indiferencia de algunos abogados para con el cumplimiento de sus deberes como notarios y funcionarios de este Tribunal. Nuevamente nos encontramos ante la dejadez de un abogado en cumplir con los requerimientos de la Oficina de Inspección de Notarías.
I
El Ledo. Miguel E. Miranda Gutiérrez fue admitido al ejercicio de la abogacía el 26 de junio de 1985 y de la notaría el 12 de septiembre de 1988.
En agosto de 2010 la Oficina de Inspección de Notarías (ODIN) llevó a cabo la inspección de la obra notarial del letrado. Esta consistía de los Protocolos del 2000 al 2009 y los Asientos 3507 al 5288 del Registro de Testimonios. Luego de múltiples suspensiones para la reinspección final de la obra, el notario fue citado para el 29 de junio de 2012. Una vez realizada la reunión final, ODIN notificó al licenciado el informe sobre las deficiencias en su obra notarial mediante correo certificado y carta de 9 de julio de 2012. El letrado no expresó objeciones o divergencias dentro del término dispuesto para ello.
A pesar de lo anterior, y a casi un año de notificadas las deficiencias, ODIN, por conducto de su Director, el Ledo. Manuel E. Avila De Jesús, nos informa que todas subsisten. ODIN destaca que se encuentran entre las deficiencias señaladas la falta de encuadernar los Protocolos del 2000 al 2009, la omisión de adherir y cancelar sellos de rentas internas ($6,143), el impuesto notarial ($104) y la Asistencia Legal $3.00 ($4,044), y la desaparición de la Escritura Número Doce de 2004 y de la Escritura Número Cinco de 2005.
Además de la dejadez en corregir las deficiencias señaladas, el licenciado Miranda Gutiérrez no compareció a la *747 citación para la reinspección final de su obra, a pesar de haber sido debidamente notificado. El letrado ni siquiera se comunicó con ODIN para justificar su incomparecencia o coordinar una nueva fecha. ODIN recalcó que el licenciado Miranda Gutiérrez “ha desatendido todos los requerimientos de nuestra Oficina de Inspección de Notarías y no ha subsanado ninguno de los señalamientos de deficiencias realizados por la ODIN”. Moción informativa sobre estado de obra notarial, presentada por ODIN el 21 de marzo de 2013, pág. 2.
II
Constantemente este Tribunal se enfrenta a miembros de la clase togada que incumplen con nuestras órdenes y la de los organismos que poseen la tarea de investigar posibles violaciones a las normas que rigen la profesión.
Reiteradamente hemos recalcado que los abogados tienen como compromiso ineludible el responder diligentemente a los requerimientos de este Tribunal, de la Oficina del Procurador General y de ODIN. In re Arroyo Rivera, 182 DPR 732, 736 (2011); In re Montalvo Guzmán, 169 DPR 847, 849 (2007); In re Moreno Franco, 166 DPR 787, 793 (2006). Incluso, hemos advertido que “[l]a desatención de los abogados a comunicaciones relacionadas con investigaciones disciplinarias tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se atiende una orden emitida directamente por este Tribunal”. In re Ríos Acosta I, 143 DPR 128, 135 (1997). Igual conclusión procede cuando los abogados se muestran despreocupados hacia las comunicaciones de ODIN relacionadas con su función de velar por el buen ejercicio de la notaría. In re Montes Díaz, 184 DPR 90, 94 (2011); In re Torres Rodríguez, 163 DPR 144, 148 (2004). Es por ello que la inercia en atender y cooperar con los organismos que investigan los asuntos disciplinarios en co *748 ordinación con este Tribunal acarrea sanciones severas. Ello constituye por sí una falta al deber de los miembros de esta profesión. Véanse: In re Rivera Irizarry, 155 DPR 687, 695 (2001); In re Rodríguez Servera, 149 DPR 730, 733 (1999). Tal dejadez equivale a una conducta de falta de respeto a este Tribunal. Véanse: Canon 9 y 12 del Código de Etica Profesional, 4 LPRA Ap. IX. Véase, además, In re Ríos Acosta I, supra, pág. 135. Una vez el abogado no cumple con los deberes que le impone la ley y el ordenamiento ético, incurre en conducta que conlleva una sanción disciplinaria. In re Piñeiro Vega, 188 DPR 77 (2013); In re Arroyo Rivera, supra; In re Montalvo Guzmán, supra, págs. 849-850.
Ill
El licenciado Miranda Gutiérrez ha incumplido reiteradamente con los procedimientos ante ODIN, lo que ha conllevado así múltiples suspensiones. Incluso, con su actitud y conducta ha impedido las funciones de ODIN al no corregir las deficiencias de su obra notarial, lo cual incluye la falta grave de ausencia de sellos de rentas internas y notariales. Tal conducta es reflejo de que el abogado abandonó su responsabilidad como miembro de esta profesión al desplegar una actitud de indiferencia ante su deber como notario. El comportamiento del togado, de por sí, constituye razón suficiente e independiente para que sea disciplinado severamente.
Procedemos a separar de forma inmediata e indefinida del ejercicio de la abogacía y de la notaría al Ledo. Miguel E. Miranda Gutiérrez. Este deberá notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Tiene, además, el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos, y la obligación de comunicarse con ODIN para subsanar cualquier deficiencia encontrada y reponer su deuda *749 arancelaria en sellos. Se le advierte al licenciado Miranda Gutiérrez que el incumplimiento con lo anterior podrá conllevar el inicio de un procedimiento de desacato, así como que se refiera el asunto al Departamento de Justicia por la deuda arancelaria. Los procedimientos disciplinarios pendientes contra el licenciado Miranda Gutiérrez se mantendrán en su expediente. Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Ledo. Miguel E. Miranda Gutiérrez y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión per curiam y Sentencia.

Se dictará Sentencia de conformidad.

La Jueza Asociada Señora Fiol Matta no intervino.