per curiam:
En esta ocasión nos corresponde suspender inmediata e indefinidamente a un miembro de la profesión legal de la práctica de la abogacía y la notaría por su incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y de este Tribunal, y por no haber actualizado su información en el Registro Unico de Abogados (RUA).
I
El Ledo. César Cabrera Acosta fue admitido al ejercicio de la abogacía el 4 de febrero de 2009 y al ejercicio de la notaría el 8 de mayo de 2009. El 31 de octubre de 2014, el Director de la ODIN envió al licenciado Cabrera Acosta una carta por correo certificado con acuse de recibo a la dirección que constaba en el RUA. En ésta notificó al notario que adeudaba un total de treinta Indices mensuales de actividad notarial correspondientes a los meses de abril a diciembre de 2012, enero a diciembre de 2013 y enero a septiembre de 2014. Además, le informó que adeudaba los Informes estadísticos anuales de actividad notarial correspondientes a los años naturales 2011 a 2013.
En la misiva se orientó al licenciado Cabrera Acosta sobre las disposiciones legales aplicables y se le advirtió sobre la gravedad de su incumplimiento y de las posibles consecuencias disciplinarias que éste acarrearía. Así, se le concedió al licenciado Cabrera Acosta un término de diez días para presentar los documentos que adeudaba. Por último, se le apercibió de la posibilidad de acudir ante este Foro para la evaluación disciplinaria correspondiente conforme a los Artículos 12 y 13-A de la Ley Notarial de Puerto Rico, 4 LPRA see. 2023 y 2031a. El servicio postal federal, sin embargo, devolvió la carta.(1)
Así las cosas, el 16 de enero de 2015, el Director de la ODIN envió una segunda comunicación al licenciado Ca *464 brera Acosta, esta vez, por correo certificado y correo electrónico. En este segundo apercibimiento se le indicó al licenciado que tendría hasta el 6 de febrero de 2015 para cumplir con lo requerido y se le apercibió nuevamente de las consecuencias de su incumplimiento. Esta segunda carta fue devuelta igualmente por el servicio de correo,(2) por lo que el 13 de febrero de 2015 se envió una tercera comunicación. Una vez más se utilizó el correo electrónico y la dirección postal de notificaciones que constaban en el RUA. En esta tercera misiva, además, se le informó al licenciado Cabrera Acosta que una actualización del sistema reflejó que adeudaba los índices mensuales de actividad notarial hasta diciembre de 2014, así como el índice anual de actividad notarial para ese mismo año. En la carta se le concedió al licenciado un término final hasta el 25 de febrero de 2015 para cumplir con lo requerido por la ODIN. Esta comunicación, al igual que las previas, fue devuelta.(3)
Ante el reiterado incumplimiento del licenciado Cabrera Acosta y la imposibilidad de establecer contacto mediante correo postal y electrónico, el 5 de marzo de 2015 la ODIN intentó comunicarse por vía telefónica. Sin embargo, el número telefónico que constaba en el RUA estaba fuera de servicio.
El 16 de marzo de 2015, el Director de la ODIN, Ledo. Manuel E. Avila de Jesús, presentó ante este Foro un Informe especial sobre incumplimiento de la Ley Notarial y su Reglamento; solicitando incautación preventiva e inmediata; y otros remedios. En este informe detalló el incumplimiento del licenciado con la entrega de los índices mensuales de actividad notarial y los informes estadísticos anuales. Además, señaló que desde el 2010 el licenciado Cabrera Acosta no ha renovado su fianza notarial y que tampoco ha *465 presentado informe alguno durante el año en curso. Mediante el informe se le solicitó a este Tribunal que: (1) ordenara la incautación preventiva e inmediata de la obra notarial del licenciado Cabrera Acosta; (2) le concediera un término de cinco días laborables para presentar los índices mensuales y los informes anuales adeudados; (3) ordenara al licenciado la actualización de su información personal en el RUA; (4) requiriese al licenciado la presentación de evidencia acreditativa del pago de la fianza notarial a partir del 2010; (5) evaluara el suspender inmediata e indefinida al licenciado, y (6) impusiera una sanción económica de $500 por el reiterado incumplimiento con los requerimientos de la ODIN.
Evaluado el Informe presentado por el Director de la ODIN, el 13 de mayo de 2015 emitimos una Resolución mediante la cual ordenamos la incautación preventiva e inmediata de la obra protocolar y el sello notarial del licenciado Cabrera Acosta. Ordenamos también al licenciado Cabrera Acosta a que compareciera, en un término de diez días, para mostrar causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y la notaría en nuestra jurisdicción. Se ordenó, por último, que se diligenciara la Resolución personalmente al momento de incautar la obra notarial. No obstante, al no localizar al licenciado Cabrera Acosta, el diligenciamiento personal de la Resolución no pudo llevarse a cabo.(4) Aún hoy, el licenciado Cabrera Acosta no ha comparecido. Evaluado detenidamente el expediente, estamos en posición de ejercer nuestra jurisdicción disciplinaria.
*466 II
El Artículo 12 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 LPRA see. 2023, impone a todos los miembros de la profesión legal admitidos al ejercicio de la notaría el deber de remitir mensualmente a la ODIN un índice que contenga sus actividades notariales no más tarde del décimo día del mes siguiente al informado. La Regla 12 del Reglamento Notarial, 4 LPRAAp. XXIV, suplementa dicha disposición, detallando los requisitos formales de los índices y reiterando las facultades del Director de la ODIN con relación a las remisiones tardías. Asimismo, la Regla 13 del Reglamento de este Tribunal, 4 LPRAAp. XXI-B, reafirma ese deber de remitir todos los meses un índice informativo de todas las escrituras y testimonios autorizados. La Regla 13 dispone, además, que todo notario está obligado a notificar cualquier cambio de residencia o de oficina notarial, no solo a este Foro, sino también al Director de la ODIN. Véase Id.
Por otro lado, el Artículo 13-A de la Ley Notarial, 4 LPRA sec. 2031a, impone a los notarios la obligación de presentar ante la ODIN informes estadísticos anuales de su actividad notarial. Tal y como ocurre con el Artículo 12, el Reglamento Notarial complementa esa disposición, elaborando los requisitos y las formalidades que éstos deben satisfacer y las facultades del Director de la ODIN con relación a su remisión tardía.
Recientemente, en In re Santiago Ortiz, 191 DPR 950 (2014), inequívocamente afirmamos que apartarse de alguna disposición contenida en la Ley Notarial o en su Reglamento expondría a un notario a sanciones disciplinarias graves. Véase, además, In re Da Silva Arocho, 189 DPR 888, 892 (2013). Esto, en atención a que no acatar rigurosamente las exigencias de la Ley Notarial y su Reglamento constituye una falta grave a los deberes que la fe pública notarial impone al notario. Véase In re Miranda Casasnovas, 175 DPR 774, 778 (2009). Así, el incumplí *467 miento con el requisito de presentar los informes notariales que requieren los Artículos 12 y 13-A de la Ley Notarial menoscaba la fe pública investida en los notarios del País. Después de todo, “los índices mensuales e informes anuales de actividad notarial garantizan la certeza de los documentos en [los] que intervienen los notarios y evitan el riesgo de manipulación y fraude”. In re Santiago Ortiz, supra, pág. 961.
Según los hechos reseñados, el licenciado Cabrera Acosta incumplió con las disposiciones de la Ley Notarial y su Reglamento con relación a la remisión de los índices mensuales e informes anuales al Director de la ODIN por un periodo de casi cuatro años.(5) El licenciado Cabrera Acosta también incumplió con el requisito ineludible dispuesto en el Artículo 7 de la Ley Notarial, 4 LPRA see. 2011. Este artículo exige, como requisito para ejercer la notaría en nuestra jurisdicción, la prestación de una fianza no menor de $15,000. Este requisito responde a la necesidad imperiosa de proteger el tráfico jurídico y la confianza que la ciudadanía deposita en los documentos notariales. Véase In re Asencio Márquez, 176 DPR 598, 599 (2009).
Resulta preciso advertir que “[c]uando un notario contraviene una ley, como la Ley Notarial, incurre en una práctica que, al mismo tiempo, constituye una violación del Canon 18 del Código de Ética Profesional [...]”. In re Muñoz Fernós, 184 DPR 679, 685 (2012). En la medida en que la dejadez y el incumplimiento del licenciado Cabrera Acosta con la Ley Notarial inciden sobre su responsabilidad como profesional del Derecho y garante de la fe pública que como Notario se le encomienda, no tenemos otra alternativa que ordenar su suspensión inmediata del ejercicio de la notaría.
*468 III
Es importante destacar que la dejadez y la falta de responsabilidad profesional del licenciado Cabrera Acosta trascienden el ámbito de la práctica de la notaría. Como es sabido, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, impone la obligación a todo abogado de mantener sus datos actualizados en el RUA. Hemos sido enfáticos en recordar a los miembros de la profesión legal que incumplir con esta obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. In re Arroyo Rosado, 191 DPR 242 (2014). El incumplimiento con esta obligación, además, constituye fundamento suficiente para decretar la separación inmediata del ejercicio de la abogacía. Id.
Por otro lado, el Artículo 7 de la Ley Notarial, supra, al detallar los requisitos para el ejercicio del notariado, establece que el notario está obligado a notificar a la ODIN cualquier cambio en cuanto a la dirección de su residencia física o postal y la dirección de su oficina notarial dentro de los cinco días siguientes al cambio. La actualización de esta información personal facilita que la ODIN notifique requerimientos o deficiencias en la obra notarial.
En este caso, la ODIN intentó infructuosamente, en tres ocasiones distintas, notificar al licenciado Cabrera Acosta su incumplimiento con los requerimientos de la Ley Notarial relacionados con los índices mensuales y los informes anuales. Incluso, al intentar establecer contacto con el licenciado por la vía telefónica, la ODIN se percató de que el número que constaba en el RUA estaba fuera de servicio. Hemos sido categóricos al afirmar que los requerimientos que hace la ODIN a un notario se equiparan a aquellos que hace este Tribunal, por lo que deben atenderse con la misma premura y diligencia. Véase In re Padilla Santiago, 190 D DPR 535, 538 (2014).
De igual manera, hemos sostenido que eludir los *469 requerimientos de este Tribunal constituye, de por sí, una falta ética independiente que podría conllevar la imposición de sanciones disciplinarias severas. In re Chardón Dubós, 191 DPR 201, 207-208 (2014) (“los abogados tienen una obligación inexcusable de responder diligentemente a nuestros requerimientos, así como a los de la ODIN y del Procurador General” (énfasis suprimido)). Por no haber actualizado su información en el RUA, la Resolución emitida por este Tribunal el 13 de mayo de 2015 no pudo diligenciarse personalmente. Esto a pesar de los múltiples esfuerzos realizados por los alguaciles de este Tribunal para localizar al licenciado. A esos efectos, su incomparecencia constituye una violación adicional a los preceptos éticos que rigen en nuestro ordenamiento. Específicamente, el Canon 9 del Código de Ética Profesional dispone que todo “abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”. 4 L LPRA Ap. IX. Como anticipamos, al interpretar esta disposición hemos afirmado que un abogado que incumple con las órdenes de este Tribunal demuestra menosprecio hacia nuestra autoridad e infringe el referido canon. Véase In re Chardón Dubós, supra. Consiguientemente, procede la suspensión indefinida e inmediata de la abogacía y la notaría cuando un abogado ignora los requerimientos de la ODIN y de este Tribunal. Véanse: In re Chardón Dubós, supra; In re Montes Díaz, 184 DPR 90, 94 (2011); In re Torres Rodríguez, 163 DPR 144, 148 (2004).
IV
El informe presentado por el Director de la ODIN en este caso apunta a un incumplimiento craso y reiterado por parte del licenciado Cabrera Acosta con distintos preceptos de la Ley Notarial y el Reglamento de este Tribunal. Además, el licenciado no compareció ante este Tribunal cuando se le requirió mediante Resolución. Resulta forzoso, pues, *470 ordenar la suspensión inmediata e indefinida del licenciado Cabrera Acosta del ejercicio de la abogacía y la notaría. Además, concedemos un término de quince días al licenciado Cabrera Acosta para certificar su cabal cumplimiento con los requerimientos de la Ley Notarial y con el deber de actualizar sus datos personales en el RUA. El licenciado Cabrera Acosta también deberá acreditar el pago de su fianza notarial para los años 2011, 2012, 2013, 2014 y 2015.
Por último, el licenciado Cabrera Acosta tiene el deber de notificar a todos sus clientes de su inhabilidad de continuar representándolos, devolverles los honorarios recibidos por trabajos no realizados e informar prontamente de su suspensión a los foros judiciales y administrativos del País. Deberá presentar una certificación a esos efectos dentro de los treinta días siguientes a la notificación de esta Opinión per curiam. En atención al hecho de que el licenciado Cabrera Acosta presuntamente se encuentra fuera de Puerto Rico, la notificación deberá, además, enviarse vía correo certificado con acuse de recibo a la dirección obtenida mediante el sistema ROCIC.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera García no intervino.

 La razón para la devolución fue: “Unclaimed — Unable to Forward”.

 La razón para la devolución fue: “Attempted — Not Known — Unable to Forward”.

 Bn esta tercera ocasión, el sobrp fue devuelto con una anotación no oficial en manuscrito con el mensaje siguiente: “El no vive aquí. Se mudó a los Estados Unidos hace alrededor de tres años”.

 Según surge del Informe de CasoNúm. TS-17,371 de 22 de mayo de 2015, dos alguaciles de este Tribunal intentaron localizar al licenciado Cabrera Acosta personándose a las distintas direcciones residenciales de éste, según constaban en el Registro Unico de Abogados y Abogadas (RUA). Estos esfuerzos no rindieron frutos. Así las cosas, los alguaciles se dirigieron al Departamento de Justicia para verificar la última dirección registrada del licenciado en el sistema ROCIO (Regional Organized Crime Information Center). La dirección más reciente que refleja ese informe indica que el licenciado Cabrera Acosta actualmente reside en la ciudad de Maple Valley, en el estado de Washington.

 Es importante señalar que, conforme al Artículo 60 de la Ley Notarial de Puerto Rico, 4 LPRA see. 2095, los testimonios que no son incluidos en el índice notarial son nulos hasta tanto el notario subsane y certifique fehacientemente su cumplimiento con la remisión de los informes a la Oficina de Inspección de Notarías (ODIN).